IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GREGORY C. REISING, | ) | 4:09CV3129 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| NEBRASKA DEPARTMENT OF | ) | |
| CORRECTIONAL SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner has filed a Petition for Writ of Habeas Corpus. (Filing No. 1.) The court has conducted an initial review of the Petition for Writ of Habeas Corpus to determine whether the claims made by Petitioner are, when liberally construed, potentially cognizable in federal court. Petitioner has made three claims.

Condensed and summarized for clarity, the claims asserted by Petitioner are:

Claim One:       Petitioner received the ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments *because* Petitioner's trial counsel 1) did not provide Petitioner with information twenty-four hours before his plea hearing; 2) did not provide Petitioner with the relevant police reports; 3) did not present Petitioner's psychiatric evaluation as evidence; 4) did not help Petitioner to get back on his medication; 5) did not review Petitioner's pre-sentence report seven to ten days before Petitioner's sentencing and 6) told Petitioner he would receive a shorter sentence than he ultimately received.

Claim Two:        The trial court abused its discretion by failing to
                  order that Petitioner undergo a competency hearing
                  and psychiatric evaluation.

Claim Three:      Petitioner was denied due process of law *because*
                  the prosecution engaged in prosecutorial misconduct
                  when it did not provide information about two of
                  Petitioner's charges until five minutes before he pled
                  guilty to those charges.

Liberally construed, the court preliminarily decides that Claims One and Three are potentially cognizable in federal court.  However, the court cautions that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent the petitioner from obtaining the relief sought.

Liberally construed, the court decides that Claim Two is not cognizable in a federal court habeas action, as it involves a question of state law that has been decided by a state court.  *Lupien v. Clarke*, 403 F.3d 615, 619 (8th Cir. 2005).

Petitioner also seeks the appointment of counsel. (Filing No. 1 at CM/ECF p. 8.)  "There is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997).  As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required.  *See, e.g., Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (citations omitted).  *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an

evidentiary hearing is warranted.)  Thus, there is no need for the appointment of counsel at this time.

IT IS THEREFORE ORDERED that:

1.     Upon initial review of the Petition for Writ of Habeas Corpus (filing no. 1), the court preliminarily determines that the following claims are potentially cognizable in federal court: Claims One and Three.

2.     The court determines that Claim Two is not cognizable in a federal court habeas action and is therefore dismissed.

3.     Petitioner's request for the appointment of counsel (filing no. 1 at CM/ECF p. 8) is denied without prejudice to reassertion.

4.     The Clerk of the court is directed to mail copies of this memorandum and order and the section 2254 petition to the respondent and the Nebraska Attorney General by regular first-class mail.

5.     By August 28, 2009, the respondent shall file a motion for summary judgment or state court records in support of an answer.  The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: August 28, 2009: deadline for respondent to file state court records in support of answer or motion for summary judgment.

6.     If the respondent elects to file a motion for summary judgment, the following procedures shall be followed by the respondent and the petitioner:

A.     The motion for summary judgment shall be accompanied by a separate brief, submitted at the time of the filing of the motion.

3

B.   The motion for summary judgment shall be supported by such state court records as are necessary to support the motion. Those records shall be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

C.   Copies of the motion for summary judgment, the designation, including state court records, and the respondent's brief shall be served upon the petitioner *except* that respondent is only required to provide the petitioner with a copy of the specific pages of the record which are cited in the respondent's brief. In the event that the designation of state court records is deemed insufficient by the petitioner, the petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.   No later than 30 days following the filing of the motion for summary judgment, the petitioner shall file and serve a brief in opposition to the motion for summary judgment. The petitioner shall submit no other documents unless directed to do so by the court.

E.   No later than 30 days after the filing of the petitioner's brief, the respondent shall file and serve a reply brief. In the event that the respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

4

F.     If the motion for summary judgment is denied, the respondent shall file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.)  The documents shall be filed no later than 30 days after the denial of the motion for summary judgment. **The respondent is warned that the failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including the release of the petitioner.**

7.     If the respondent elects to file an answer, the following procedures shall be followed by the respondent and the petitioner:

A.     By August 28, 2009, the respondent shall file <u>all</u> state court records which are relevant to the cognizable claims.  *See*, *e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*.  Those records shall be contained in a separate filing entitled: "Designation of State Court Records In Support of Answer."

B.     No later than 30 days after the filing of the relevant state court records, the respondent shall file an answer.  The answer shall be accompanied by a separate brief, submitted at the time of the filing of the answer.  Both the answer and brief shall address all matters germane to the case including, but not limited to, the merits of the petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition.   *See*, *e.g.*, Rules 5(b) and 9 of the *Rules*

Governing Section 2254 Cases in the United States District
Courts.

C.     Copies of the answer, the designation, and the respondent's brief
       shall be served upon the petitioner at the time they are filed with
       the court *except* that respondent is only required to provide the
       petitioner with a copy of the specific pages of the designated
       record which are cited in the respondent's brief.  In the event that
       the designation of state court records is deemed insufficient by
       the petitioner, the petitioner may file a motion with the court
       requesting additional documents.  Such motion shall set forth the
       documents requested and the reasons the documents are relevant
       to the cognizable claims.

D.     No later than 30 days following the filing of respondent's brief,
       the petitioner shall file and serve a brief in response.  The
       petitioner shall submit no other documents unless directed to do
       so by the court.

E.     No later than 30 days after the filing of the petitioner's brief, the
       respondent shall file and serve a reply brief.  In the event that the
       respondent elects not to file a reply brief, he should inform the
       court by filing a notice stating that he will not file a reply brief
       and that the merits of the petition are therefore fully submitted for
       decision.

F.     The Clerk of the court is directed to set a pro se case management
       deadline in this case using the following text: August 28, 2009:
       check for respondent to file answer and separate brief.

6

      8.     No discovery shall be undertaken without leave of the court.  *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

July 14, 2009.                      BY THE COURT:

                                          *s/Richard G. Kopf*
                                          United States District Judge

---

     *This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.