IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GREGORY C. REISING, | ) | 4:09CV3129 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| NEBRASKA DEPARTMENT OF | ) | |
| CORRECTIONAL SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner filed his Petition for Writ of Habeas Corpus on June 25, 2009. (Filing No. 1.) On July 14, 2009, the court granted Petitioner leave to proceed in forma pauperis, and also performed an initial review of his Petition. (Filing Nos. 5 and 6.) Petitioner subsequently filed Motions for Leave to Amend his Petition on July 21, July 24, July 28, and July 30, 2009. (Filing Nos. 7, 8, 9, and 11.) Additionally, Petitioner filed a Motion to Appoint Counsel on July 28, 2009. (Filing No. 10.)

On the court's own Motion, Petitioner shall have until September 2, 2009, in which to file a final Amended Petition that includes every ground on which Petitioner claims he is being held unlawfully. This Amended Petition shall fully restate all grounds set forth in Petitioner's current Petition (filing no. 1), Petitioner's Motions to Amend his Petition (filing nos. 7, 8, 9, and 11), and any new grounds. Failure to consolidate grounds into one document will result in abandonment of all grounds not included in Petitioner's original Petition filed June 25, 2009. Petitioner will be barred from presenting additional grounds at a later date.

Petitioner also seeks the appointment of counsel. (Filing No. 10.) "There is neither a constitutional nor statutory right to counsel in habeas proceedings; instead,

[appointment] is committed to the discretion of the trial court." *McCall v. Benson,* 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g., Morris v. Dormire,* 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied,* 531 U.S. 984 (2000); *Hoggard v. Purkett,* 29 F.3d 469, 471 (8th Cir. 1994) (citations omitted). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted.) Thus, there is no need for the appointment of counsel at this time.

IT IS THEREFORE ORDERED that:

1. Petitioner shall have until September 2, 2009, to file an Amended Petition. Petitioner's Amended Petition shall set forth all grounds included in his current Petition and his Motions to Amend, as well as any new grounds.

2. Failure to consolidate grounds into one document will result in abandonment of all grounds not included in his original Petition.

3. The Clerk of court is directed to set a pro se case management deadline in this case using the following text: September 2, 2009: Deadline for Petitioner to file a consolidated Amended Petition.

4. Petitioner's Motion to Appoint Counsel (filing no. 10) is denied without prejudice to reassertion.

August 3, 2009.  BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

3