IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GREGORY C. REISING, | ) | 4:09CV3129 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| NEBRASKA DEPARTMENT OF | ) | |
| CORRECTIONAL SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |

    This matter is before the court on Petitioner Gregory Reising's ("Reising") numerous motions, including a Motion for Access to the Courts (filing no. 24), a Motion to Continue (filing no. 29), a Motion for Discovery (filing no. 30), a Motion to Add Documents to the Designation of State Court Records (filing no. 31), a Motion to Appoint Counsel (filing no. 35), a Motion for Hearing to Determine Competency (filing no. 36), a Motion to Amend Designation of State Court Records (filing no. 38), a Motion for Response (filing no. 41), a Motion for Status (filing no. 42), and a Motion to Withdraw Request for Extension (filing no. 43). Also pending are Respondent's Objections (filing nos. 32 and 39) and Motion to Strike (filing no. 48).

### I. *Motion for Access to the Courts*

    Reising has asked the court to issue an order requiring the Nebraska Department of Corrections to allow him daily access to the law library so that he may prepare his reply brief in this case. (Filing No. 24.) At the time Reising filed his Motion, he was housed in the protective custody unit of the Nebraska State Penitentiary where he was allowed to access the law library one time per week. However, according to Reising's Notice of Change of Address (filing no. 46), Reising no longer resides in the protective custody unit of the Nebraska State Penitentiary. Therefore, his Motion (filing no. 24) is denied as moot.

## *II. Motion to Add Documents to Designation of State Court Records*

The court liberally construes Reising's Motion to Add Documents to Designation of State Court Records as a Motion for Additional State Court Records. (Filing No. 31.) Liberally construed, Reising has requested that Respondent provide to him copies of all state court records filed with the court in this case. (Filing No. 31 at CM/ECF p. 2.) In response, Respondent has cited language from the court's progression order, which states that Respondent is "only required to provide the petitioner with a copy of the specific pages of the designated record which are cited in Respondent's brief." (Filing No. 33 at CM/ECF pp. 1-2 (quoting the court's order at filing no. 6 at CM/ECF p. 6).)

While it is true that Respondent has complied with the court's order, Reising has argued, and the court agrees, that he needs additional state court records in order to prepare his reply to Respondent's Answer and Brief.[1] (Filing No. 31.) Specifically, the court believes that Reising should have the opportunity to review complete copies of the briefs he submitted in the Nebraska appellate courts because Respondent has argued that all of Reising's claims are procedurally defaulted (*see* filing nos. 26 and 27). Therefore, the court finds that Reising's Motion for Additional State Court Records (filing no. 31) is granted, but only as to those documents relevant to the procedural default issues in his case. Accordingly, the court orders Respondent to immediately send to Reising a complete copy of the following documents: appellant's brief on direct appeal (filing no. 15-3, attach. 2); appellant's brief in the postconviction action (filing no. 25-5, attach. 4); and appellant's reply brief in the

---

[1]The court notes that Reisner filed a Brief in Response on November 12, 2009 (filing. no 44). However, he did so "without all pertinent information" because the court had not ruled on his motions and because he feared the court would dismiss his case if he failed to respond. (Filing No. 43 at CM/ECF p. 2.)

2

postconviction action (filing no. 25-7, attach. 6).[2] Reising shall have until December 24, 2009, to file an Amended Brief in Response. The motions relating to Reising's request for a continuance of his reply date (filing nos. 29, 41, 42, and 43) are denied as moot.

### III. Motion for Discovery and Motion to Amend Designation of State Court Records

In Reising's Motion for Discovery (filing no. 30) and Motion to Amend Designation of State Court Records (filing no. 38), Respondent has requested that a complete copy of his presentence investigation report be filed with the court and that he be sent a copy.

The court has carefully reviewed the record in this matter and finds that Reising's Motions (filing nos. 30 and 38) are denied without prejudice to reassertion pending the court's determination regarding the procedural default issues in the case. In the event the court determines that additional records are necessary, the court will order Respondent to provide them. Accordingly, Respondent's Objection (filing no. 32) to Reising's Motion for Discovery is also denied without prejudice to reassertion.

### IV. Motion to Appoint Counsel and Motion for Hearing to Determine Competence

Liberally construed, Reising has asked the court to appoint counsel to represent him because his mental illness impedes his ability to represent himself. (Filing No. 35.) Reising has also asked the court to conduct a hearing to determine whether he is mentally competent to proceed pro se in this case. (Filing No. 36.)

---

[2]This list does not include appellate court opinions because none were issued.

"There is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g., Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (citations omitted). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted).

The court has carefully reviewed the record in this matter and finds that neither the appointment of counsel nor a hearing to determine Reising's competence is warranted. Reising has filed numerous motions in these proceedings and all have been articulate and coherent. Therefore, Reising's Motion to Appoint Counsel (filing no. 35) is denied without prejudice to reassertion, and Respondent's Objection to Reising's Motion for Hearing to Determine Competence (filing no. 39) is granted.

### *V. Respondent's Motion to Strike Index*

Respondent has moved to strike Petitioner's Exhibit Package (filing no. 45) because the documents included in the package are incomplete, the documents do not comport with 28 U.S.C. § 2246 or § 2247, and nothing provided in the package will excuse the procedural default of Reising's claims. (Filing No. 48).

Insofar as Respondent points out that the documents included in the Exhibit Package may be incomplete or unreliable, the court notes Respondent's concern. However, the court will consider the Exhibit Package in the context of the record as a whole. Accordingly, Respondent's Motion to Strike (filing no. 48) is denied without prejudice to reassertion.

4

IT IS THEREFORE ORDERED that:

1.   Reising's Motion for Access to the Courts (filing no. 24), Motion to Continue (filing no. 29), Motion for Response (filing no. 41), Motion for Status (filing no. 42), and Motion to Withdraw Request for Extension (filing no. 43) are denied as moot.

2.   Reising's Motion for Discovery (filing no. 30), Motion to Amend Designation of State Court Records (filing no. 38), and Motion to Appoint Counsel (filing no. 35) are denied without prejudice to reassertion.

3.   Reising's Motion for Additional State Court Records (filing no. 31) is granted, but only as provided herein.

> A.   Respondent shall immediately send to Reising a complete copy of the following state court records: appellant's brief on direct appeal (filing no. 15-3, attach. 2); appellant's brief in the postconviction action (filing no. 25-5, attach. 4); and appellant's reply brief in the postconviction action (filing no. 25-7, attach. 6).
>
> B.   Reising shall have until December 24, 2009, to file an Amended Brief in Response.
>
> C.   The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: December 24, 2009: deadline for Petitioner to file Amended Brief in Response.

4.   Reising's Motion for Hearing to Determine Competency (filing no. 36) is denied.

5

  5. Respondent's Objection to Motion for Discovery (filing nos. 32) and Motion to Strike (filing no. 48) are denied without prejudice to reassertion.

  6. Respondent's Objection to Motion for Hearing (filing no. 39) is granted.

November 24, 2009.    BY THE COURT:

            Richard G. Kopf
            United States District Judge

---

 *This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.