IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GREGORY C. REISING, | ) | 4:09CV3129 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| NEBRASKA DEPARTMENT OF | ) | |
| CORRECTIONAL SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner Gregory C. Reising's ("Reising") Amended Petition for Writ of Habeas Corpus ("Petition"). (Filing No. 13.) Respondent filed an Answer (filing no. 26), Brief in support of an Answer (filing no. 27), State Court Records (filing nos. 15 and 25), and Reply Brief (filing no. 47). Reising filed three Briefs on the merits of his Amended Petition (filing nos. 44, 54, and 56). The court deems this matter fully submitted.

Liberally construing the allegations of Reising's Amended Petition, Reising argues that the Petition should be granted because:

Claim One: Petitioner received the ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments *because* Petitioner's trial counsel (1) did not provide Petitioner with information regarding all "cases" 24 hours before his plea hearing; (2) did not provide Petitioner with the relevant police reports; (3) did not present Petitioner's psychiatric evaluation as evidence; (4) did not help Petitioner "to get back on his psych meds"; (5) did not review Petitioner's Pre-Sentence Investigation Report seven to ten days before Petitioner's sentencing hearing; (6) told Petitioner he

would receive a shorter sentence than the one he ultimately received; and (7) did not withdraw Petitioner's plea, as instructed by Petitioner.

Claim Two: Petitioner was denied due process of law *because* the prosecution engaged in prosecutorial misconduct when it did not provide Petitioner with information regarding all charges against Petitioner 24 hours before his plea hearing.

Claim Three: Petitioner was denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments *because* Petitioner's appellate counsel (1) did not perfect Petitioner's direct appeal; (2) did not file a Petition for Further Review on Petitioner's behalf; and (3) instructed Petitioner to file a Motion for Post-Conviction Relief that was procedurally barred.

(Filing No. 20 at CM/ECF pp. 1-2, together, the "Habeas Claims.")[1]

## BACKGROUND

### I. Reising's Conviction and Direct Appeal

On December 20, 2005, Reising pled guilty to two counts of theft by deception. (Filing No. 15-9, Attach. 8, at CM/ECF p. 9-10.) Reising was thereafter sentenced to a prison term of 5 to 10 years on each count, to be served consecutively. (*Id.*)

---

[1]The court dismissed two of Reising's claims on initial review of his Amended Petition because they are not cognizable in a federal court habeas corpus action. (Filing No. 20 at CM/ECF pp. 3-4.)

Reising filed a direct appeal in which he argued that he received an excessive sentence and trial counsel failed to "effectively communicate" with him. (Filing No. 15-3, Attach. 2.) The Nebraska Court of Appeals summarily affirmed Reising's conviction and sentence on November 11, 2006, citing only Nebraska Court Rule of Practice 7B(2) in its minute entry. (Filing No. 15-8, Attach. 7, at CM/ECF p. 2.) Reising did not file a petition for further review and the Nebraska Supreme Court issued a mandate on December 12, 2006. (*Id.*)

## II. *Reising's Post-Conviction Motions*

Before the Nebraska Supreme Court issued a mandate on Reising's direct appeal, Reising filed a Verified Motion for Post Conviction Relief ("post-conviction motion") in the Douglas County, Nebraska District Court. (Filing No. 15-13, Attach. 12, at CM/ECF pp. 34-54.) It is not clear what happened in the district court. Nonetheless, it is apparent that the district judge rendered some type of adverse ruling because the plaintiff appealed. The Nebraska Court of Appeals dismissed the appeal of his post-conviction motion because it was prematurely filed. (Filing No. 15-11, Attach. 10, at CM/ECF p. 2.) The Nebraska Supreme Court issued a mandate on June 12, 2007. (*Id.*)

Reising filed another Verified Motion for Post-Conviction Relief ("second post-conviction motion") on January 12, 2007, in which he argued that his trial counsel failed to effectively communicate with him and failed to properly investigate the charges against him. (*Id.* at CM/ECF pp. 55-74.) On January 30, 2007, the court denied Reising's second post-conviction motion, ruling that Reising was procedurally barred from bringing a post-conviction motion asserting ineffective assistance of trial counsel. (Filing No. 15-13, Attach. 12, at CM/ECF p. 77.) The Nebraska Court of Appeals affirmed the denial of post-conviction relief on January 24, 2008. (Filing No. 25-10, Attach. 9, at CM/ECF p. 2.) Reising did not file a petition for further review. The Nebraska Supreme Court issued a mandate on February 28, 2008. (*Id.*)

3

Reising filed a "Successive Motion for Post Conviction Relief" ("successive post-conviction motion") on March 26, 2008, in which he argued that his plea was not made knowingly and intelligently because of his ongoing "mental health problems." (Filing No. 15-18, Attach. 17, at CM/ECF p. 55.) The district court denied Reising's successive post-conviction motion on August 15, 2008. (Filing No. 15-19, Attach. 18, at CM/ECF pp. 65-74.) Reising appealed the denial of post-conviction relief, but the Nebraska Court of Appeals dismissed the appeal because it was not timely filed. (Filing No. 15-15, Attach. 14, at CM/ECF p. 2.) Reising filed a petition for further review, which the Nebraska Supreme Court denied on December 10, 2008. (*Id.*) The Nebraska Supreme Court issued a mandate on December 23, 2008. (*Id.*)

Reising filed this matter on June 25, 2009. (Filing No. 1.) Respondents filed an Answer and Brief in Support, arguing that all of Reising's Habeas Claims are procedurally defaulted. (Filing Nos. 26 and 27.) Reising filed three Briefs arguing the merits of his Habeas Claims and also arguing cause and prejudice to excuse the procedural default of his claims. (Filing Nos. 44, 54, 56.)

## ANALYSIS

### I. Standards for Exhaustion/Procedural Default

As set forth in 28 U.S.C. § 2254(b)(1):

(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

    (A) the applicant has exhausted the remedies available in the courts of the State; or

  (B) (i) there is an absence of available State corrective process; or
    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A state prisoner must therefore "fairly present" the substance of each federal constitutional claim to the state courts *before* seeking federal habeas relief. *Id.* at 844. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. *See Akins v. Kenney*, 410 F.3d 451, 454-55 (8th Cir. 2005).

Moreover, where "no state court remedy is available for the unexhausted claim—that is, if resort to the state courts would be futile—then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.'" *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)). Stated

5

another way, if a claim has not been presented to the Nebraska appellate courts and is now barred from presentation, the claim is procedurally defaulted, not unexhausted. *Akins*, 410 F.3d at 456 n.1.

Under Nebraska law, "[a]n appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion." *State v. Ortiz*, 670 N.W.2d 788, 792 (Neb. 2003). Additionally, "[a] motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal." *Hall v. State*, 646 N.W.2d 572, 579 (Neb. 2002). In such circumstances, where a Nebraska state court rejects a claim on state procedural grounds, and "issues a plain statement that it is rejecting petitioner's federal claim on state procedural grounds," a federal habeas court is precluded from "reaching the merits of the claim." *Shaddy v. Clarke*, 890 F.2d 1016, 1018 (8th Cir. 1989); *Greer v. Minnesota*, 493 F.3d 952, 957 (8th Cir. 2007) (reiterating that "when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement," federal habeas is barred because "[i]n such instances, the state prisoner forfeits his right to present his federal claim through a federal habeas corpus petition") (quotations omitted). However, the state court procedural decision must "rest[] on independent and adequate state procedural grounds." *Barnett v. Roper*, 541 F.3d 804, 808 (8th Cir. 2008) (quotation omitted). "A state procedural rule is adequate only if it is a firmly established and regularly followed state practice." *Id.* (quotation omitted). Even where a claim has been procedurally defaulted, a petitioner is entitled to an opportunity to demonstrate cause and prejudice to excuse the default. *Akins*, 410 F.3d at 456 n.1.

### A. Claim One

In Reising's second post-conviction motion, Reising argued that his trial counsel was ineffective because he did not "effectively communicate" with Reising.

6

(Filing No. 15-13, Attach. 12, at CM/ECF pp. 9 and 35.) Within this broader effective-communication argument, Reising arguably raised some of the issues he has now presented in Claim One. However, after the Court of Appeals summarily affirmed the denial of Reising's second post-conviction motion, he did not file a petition for further review with the Nebraska Supreme Court. Further, Reising did not allege any of the specific issues raised in Claim One on direct appeal or in his other post-conviction motions. Thus, Reising failed to present Claim One in "one complete round" in the Nebraska state courts, as required. *See Akins*, 410 F.3d at 454-55. Therefore, this claim is procedurally defaulted and this court cannot consider its merits unless Reising can show cause and prejudice to excuse the default.[2]

B. **Claim Two**

Reising did not present Claim Two in the Nebraska state courts, let alone invoke one "complete round" of the Nebraska appellate review process as required. *See Akins*, 410 F.3d at 454-55. Therefore, this claim is procedurally defaulted and the court cannot consider its merits unless Reising can show cause and prejudice for the default.

---

[2]The court agrees with Reising that the District Court of Douglas County, Nebraska incorrectly determined that Reising's second post-conviction motion asserting ineffective assistance of trial counsel was procedurally barred. The Nebraska Court of Appeals' summary affirmance on direct appeal, citing only Rule 7B(2) in its minute entry, did not constitute a resolution of Reising's claims on the merits under Nebraska law and so his claims were not procedurally barred. *See State v. York*, 731 N.W.2d 597, 601-602 (Neb. 2007). Regardless, Reising did not petition the Nebraska Supreme Court for further review of the issue and, therefore, failed to present any part of Claim One in "one complete round" in the Nebraska state courts.

### C. Claim Three

Reising arguably raised some of the issues he presented in Claim Three in his successive post-conviction motion. However, Reising failed to present any of the claims to the Nebraska Court of Appeals because he did not timely appeal the denial of post-conviction relief. Further, the district court ruled that Reising's successive post-conviction motion was, indeed, barred as successive, thereby issuing a plain statement rejecting Reising's federal claim on state procedural grounds and precluding this court from reaching the merits of the claim. *See Shaddy*, 890 F.2d at 1018. Thus, Reising did not present any part of Claim Three in "one complete round" in the Nebraska state courts, as required. *See Akins*, 410 F.3d at 454-55. Therefore, Claim Three is procedurally defaulted and this court cannot consider its merits unless Reising can show cause and prejudice to excuse the default.

### *II. Cause and Prejudice*

To excuse a procedural default, a petitioner must demonstrate either cause for the default and actual prejudice as a result of the alleged violation of federal law, or, in rare cases, that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Although there is no precise definition of what constitutes cause and prejudice, "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Srickler v. Greene*, 527 U.S. 263, 283 n.24 (1999); *see also Bell v. Attorney Gen. of the State of Iowa*, 474 F.3d 558, 561 (8th Cir. 2007) ("A cause is sufficient to excuse procedural default when it is external to the petitioner, and not attributable to the petitioner").

Reising argues that the following causes are sufficient to excuse the procedural default of his claims: Reising's trial counsel failed to present an October 12, 2005,

8

psychological evaluation to the court; the trial court failed to order a competency evaluation; and Reising was denied equal access to the courts. Reising also claims that he is actually innocent of the crimes for which he was convicted. For the reasons discussed below, the court declines to excuse the procedural default of Reising's claims.

### A. Ineffective assistance of trial counsel

Reising argues that trial counsel's failure to present an October 12, 2005, psychological evaluation to the court as evidence constituted ineffective assistance of counsel in violation of the Sixth Amendment. (Filing No. 44 at CM/ECF p. 6; Filing No. 54 at CM/ECF pp. 6-7.) However, "a claim for ineffective assistance of counsel must be initially 'presented to the state courts as an independent claim before it may be used to establish cause for a procedural default' in a federal habeas proceeding." *Taylor v. Bowersox*, 329 F.3d 963, 971 (8th Cir. 2003) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Reising did not fairly present this claim for ineffective assistance of counsel to the state courts and so the exhaustion doctrine prevents this court from considering whether his trial counsel was a source of cause to lift the procedural bar.

### B. Trial court error

Reising argues that the trial court's failure to order a competency evaluation constitutes cause to excuse the procedural default of his claims.[3] (Filing No. 44 at

---

[3]This argument is related to Reising's ineffective-assistance argument. Reising claims that the court would have ordered a competency hearing if his trial counsel had presented the October 12, 2005, psychological evaluation to the court as evidence because the evaluation diagnosed Reising as being a "psycho-neuro-vegetative, drug induced psychotic, suicidal, manic-depressive." (Filing No. 44 at CM/ECF p. 6.) However, no such diagnosis is given in the portions of the evaluation Reising

9

CM/ECF p. 2.) Reising informed the court at his plea hearing that he had been treated for mental illness and substance abuse in the past, however, nothing in the record suggests that the trial court knew of facts that would have raised substantial doubts about Reising's competence. (Filing No. 15 at CM/ECF pp. 8-9.) To the contrary, Reising provided thoughtful, coherent answers to the court's questioning. (*See* Filing No. 15 at CM/ECF pp. 6-19.) Therefore, Reising has failed to show cause to excuse the procedural default of his claims based on the alleged trial court error.

### C. Access to the courts

Reising argues that the procedural default of claims he raised in his second post-conviction motion should be excused because his failure to file a petition for further review to the Nebraska Supreme Court was the result of being denied equal access to the courts. (Filing No. 44 at CM/ECF p. 2.) Specifically, Reising claims that he was transferred from the Nebraska State Penitentiary to Tecumseh State Correctional Institute for treatment of his mental illness, was "in and out of the hospital and segregation [and] protective custody from January 2008 to March 2008," and was unable to access legal aide. (*Id.*) Reising provided the court with a copy of the order transferring him to Tecumseh, but submitted no evidence that suggests he attempted to gain access to the law library or legal aide and was denied. Therefore, Reising has failed to show cause to excuse the procedural default of his claims based on the alleged denial of access to the courts.

---

provided to the court. Further, there is nothing in the record to suggest that the court would have ordered a competency evaluation on the basis of the report. (*See* Filing No. 45 at CM/ECF pp. 3-5.) To the contrary, the evaluation provides that Reising's "knowledge and comprehension appear adequate" and his "thoughts appear organized." (*Id.* at CM/ECF p. 4.)

### D. Actual innocence

Finally, Reising argues that the court's failure to consider his claims will result in a fundamental miscarriage of justice because he is actually innocent of the crimes for which he was convicted. (Filing No. 44 at CM/ECF p. 4; Filing No. 54 at CM/ECF pp. 4-5.) In order for Reising to invoke the fundamental-miscarriage-of-justice exception, he must "present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted. *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006). *See Cassell v. Norris*, 103 F.3d 61, 62 (8th Cir. 1996) ("For actual innocence to lift the procedural bar, [a petitioner] must show that it is more likely than not that, in light of new evidence, no reasonable juror would have convicted him."), *cert. denied*, 522 U.S. 857 (1997).

In support of his actual-innocence claim, Reising points to alleged discrepancies in his police reports and argues that these discrepancies "could show that [he] was actually innocent." (Filing No. 44 at CM/ECF p. 4.) Reising's description of these discrepancies is difficult to understand. As best as the court can tell, Reising is dissatisfied with the accuracy of various serial numbers contained in the reports. However, the alleged discrepancies do not support Reising's claim of actual innocence because the court found Reising guilty of two counts of theft by deception based on his own guilty plea and his admissions in open court. At Reising's plea hearing, Reising explained, in detail, that he obtained property by deception and then pawned the property and used the proceeds to purchase drugs. (Filing No. 15-9, Attach. 8, at CM/ECF pp. 17-18.)

The court finds that Reising failed to offer new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted. *See Abdi*, 450 F.3d at 338. Furthermore, Reising has not submitted any argument or evidence which shows that he, or his counsel, were objectively impeded from presenting his claims in "one complete round" in the Nebraska state courts, as required. *See Akins*,

410 F.3d at 454-55. Because Reising has not demonstrated cause and prejudice to excuse his procedural default, all of his Habeas Claims are dismissed.

IT IS THEREFORE ORDERED that:

1. Petitioner's Amended Petition for Writ of Habeas Corpus (filing no. 13) is denied in all respects and this action is dismissed with prejudice.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

3. All pending motions are denied.

March 18, 2010.                    BY THE COURT:

                                   *Richard G. Kopf*
                                   United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.